**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

**0** Valuation of Security    **0** Assumption of Executory Contract or Unexpired Lease    **0** Lien Avoidance

Last Revised September 1, 2018

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

IN RE:                                                                                           Case No. **3:18-bk-34265**

                                                                                                 Judge _____

**Davis, Fred C & Davis, Karen D**
                                    Debtor(s)

### CHAPTER 13 PLAN AND MOTIONS

[ ] Original                    [X] Modified/Notice Required           Date: **August 13, 2019**

[ ] Motions Included            [ ] Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

[ ] DOES **[X]** DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

[ ] DOES **[X]** DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

[ ] DOES **[X]** DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: **MCC**        Initial Debtor: **FCD**            Initial Co-Debtor: **KDD**

**Part 1: Payment and Length of Plan**

a. The debtor has paid **$4,896.00** to date, and shall pay $ **612.00** per **month** to the Chapter 13 Trustee, starting on  **9/01/2019** for approximately **27** months.

b. The debtor shall make plan payments to the Trustee from the following sources:
   **[X]** Future Earnings
   **[ ]** Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
   **[ ]** Sale of real property
      Description:
      Proposed date for completion: _____

   **[ ]** Refinance of real property
      Description:
      Proposed date for completion: _____

   **[ ]** Loan modification with respect to mortgage encumbering property
      Description:
      Proposed date for completion: _____

d. **[ ]** The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. **[ ]** Other information that may be important relating to the payment and length of plan:

**Part 2: Adequate Protection [X] NONE**

a. Adequate protection payments will be made in the amount of $ **None** to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to _____ (creditor).

**Part 3: Priority Claims (Including Administrative Expenses)**

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
|  |  |  |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
**[X]** None
**[ ]** The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| **None** |  |  |  |

**Part 4: Secured Claims**

2

**a. Curing Default and Maintaining Payments on Principal Residence: [X]NONE**

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **None** | | | | | |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: [X] NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **None** | | | | | |

**c. Secured claims excluded from 11 U.S.C. 506: [X] NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| **None** | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments [X] NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| **None** | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim

3

shall discharge the corresponding lien.

   **e. Surrender [ ] NONE**

   Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| **Bayview Financial Loan** | **1129 Bayview Ave, Bayville, NJ 08721-3135** | **551,338.00** | **16,576.00** |

   **f. Secured Claims Unaffected by the Plan [ ] NONE**

   The following secured claims are unaffected by the Plan:
   **Wells Fargo Home Mortgage**

   **g. Secured Claims to Be Paid in Full Through the Plan [X] NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| **None** | | |

**Part 5: Unsecured Claims [ ] NONE**

   **a. Not separately classified** allowed non-priority unsecured claims shall be paid:

   ___ Not less than $ _____ to be distributed *pro rata*
   ___ Not less than _____ percent
   **X** *Pro Rata* distribution from any remaining funds

   b. **Separately Classified Unsecured Claims** shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| **Dept of Ed / 582 / Nelnet** | **Student loan/co-Debtor** | **Paid outside Plan at 100% by co-Debtor** | **27,804.00** |
| **Dept of Ed / 582 / Nelnet** | **Student loan/co-Debtor** | **Paid outside Plan at 100% by co-Debtor** | **8,176.00** |
| **Discover Student Loans** | **Student loan/co-Debtor** | **Paid outside Plan at 100% by co-Debtor** | **9,031.00** |
| **Discover Student Loans** | **Student loan/co-Debtor** | **Paid outside Plan at 100% by co-Debtor** | **4,420.00** |
| **Higher Education Student Assistance Auth** | **Student loan/co-Debtor** | **Paid outside Plan at 100% by co-Debtor** | **1,725.00** |

**Part 6: Executory Contracts and Unexpired Leases [X] NONE**

   (NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

   All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be | Nature of Contract or | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|

| | Cured in Plan | Lease | | |
|---|---|---|---|---|
| **None** | | | | |

## Part 7: Motions [ ] NONE

NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, Notice of Chapter 13 Plan Transmittal, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation must be filed with the Clerk of Court when the plan and transmittal notice are served.

**a. Motion to Avoid Liens under 11 U.S.C. Section 522(f).** [ ] NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| **None** | | | | | | | |

**b. Motion to Void Liens and Reclassify Claim from Secured to Completely Unsecured.** [X] NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| **None** | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** [X] NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| **None** | | | | | |

## Part 8: Other Plan Provisions

**a. Vesting of Property of the Estate**

_X_ Upon Confirmation
___ Upon Discharge

**b. Payment Notices**

Creditors and Lessors provided for in Sections 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

5

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) **Trustee Commissions**
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

**d. Post-petition claims** The Standing Trustee **[ ]** is, **[X]** is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9: Modification [ ] NONE**

If this plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: **12/10/2018**

| Explain below **why** the Plan is being modified. | Explain below **how** the Plan is being modified. |
|---|---|
| **The Debtor's are surrendering the residence located at 1129 Bayview Avenue, Bayville, NJ.** | |

Are Schedules I and J being filed simultaneously with this Modified Plan?  **[X]** Yes  **[ ]** No

**Part 10: Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

**[X]** NONE
**[ ]** Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, Chapter 13 Plan and Motions, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date:    _____
                 Debtor

Date:

6

Joint Debtor

Date:

Attorney for the Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:                                                             Case No. 18-34265-CMG
Fred C Davis                                                       Chapter 13
Karen D Davis
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin              Page 1 of 2           Date Rcvd: Aug 27, 2019
                              Form ID: pdf901          Total Noticed: 22

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 29, 2019.
db/jdb         Fred C Davis,    Karen D Davis,    1129 Bayview Ave,    Bayville, NJ 08721-3135
517915173      Citi/Sears,    Citibank/Centralized Bankruptcy,    PO Box 790034,    Saint Louis, MO 63179-0034
518036668     +Citibank, N.A.,    Citibank, N.A.,    701 East 60th Street North,    Sioux Falls, SD 57104-0493
517915177      First Credit Services,    377 Hoes Ln Ste 200,    Piscataway, NJ 08854-4155
517915178      Frenkel Lambert Weiss Weisman & Gordon,    80 Main St Ste 460,    West Orange, NJ 07052-5414
517915179      Higher Education Student Assistance Auth,    HESAA Servicing/Attn: Bankruptcy,    PO Box 548,
               Trenton, NJ 08625-0548
517992792     +NJCLASS,    PO BOX 548,    TRENTON, NJ 08625-0548
518029034      Wells Fargo Bank, N.A.,    Default Document Processing,    N9286-01Y,    1000 Blue Gentian Road,
               Eagan, MN 55121-7700
517915181      Wells Fargo Hm Mortgag,    PO Box 10335,    Des Moines, IA 50306-0335

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: usanj.njbankr@usdoj.gov Aug 27 2019 23:30:58      U.S. Attorney,    970 Broad St.,
               Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Aug 27 2019 23:30:54      United States Trustee,
               Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
               Newark, NJ 07102-5235
517915171     +E-mail/Text: bkmailbayview@bayviewloanservicing.com Aug 27 2019 23:31:18
               Bayview Financial Loan,    Attn: Bankruptcy Dept,    4425 Ponce de Leon Blvd Fl 5,
               Coral Gables, FL 33146-1873
518037309     +E-mail/Text: bkmailbayview@bayviewloanservicing.com Aug 27 2019 23:31:18
               Bayview Loan Servicing, LLC,    4425 Ponce de Leon Blvd, 5th Floor,
               Coral Gables, FL 33146-1837
517915172      E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Aug 27 2019 23:46:01      Cap1/bstby,
               Attn: Bankruptcy Department,    PO Box 30285,    Salt Lake City, UT 84130-0285
517915174      E-mail/Text: electronicbkydocs@nelnet.net Aug 27 2019 23:30:59      Dept of Ed / 582 / Nelnet,
               Attn: Claims,    PO Box 82505,    Lincoln, NE 68501-2505
517923040      E-mail/Text: mrdiscen@discover.com Aug 27 2019 23:29:55      Discover Bank,
               Discover Products Inc,    PO Box 3025,    New Albany, OH 43054-3025
517915175      E-mail/Text: mrdiscen@discover.com Aug 27 2019 23:29:55      Discover Financial,    PO Box 3025,
               New Albany, OH 43054-3025
517915176      E-mail/Text: DSLBKYPRO@discover.com Aug 27 2019 23:31:17      Discover Student Loans,
               Attn: Bankruptcy,    PO Box 30948,    Salt Lake City, UT 84130-0948
517924217     +E-mail/Text: DSLBKYPRO@discover.com Aug 27 2019 23:31:17      Discover Student Loans,
               PO Box 30925,    Salt Lake City, UT 84130-0925
517917304     +E-mail/PDF: gecsedi@recoverycorp.com Aug 27 2019 23:34:39      Synchrony Bank,
               c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
517915180      E-mail/PDF: gecsedi@recoverycorp.com Aug 27 2019 23:35:08      Synchrony Bank/Walmart,
               Attn: Bankruptcy Dept,    PO Box 965060,    Orlando, FL 32896-5060
517960345     +E-mail/Text: electronicbkydocs@nelnet.net Aug 27 2019 23:30:59
               US Department of Education c/o Nelnet,    121 South 13th Street, Suite 201,
               Lincoln NE 68508-1911
                                                                                              TOTAL: 13

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 29, 2019                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0312-3          User: admin              Page 2 of 2              Date Rcvd: Aug 27, 2019
                              Form ID: pdf901          Total Noticed: 22
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 26, 2019 at the address(es) listed below:
    Albert     Russo    on behalf of Trustee Albert     Russo docs@russotrustee.com
    Albert     Russo    docs@russotrustee.com
    Denise E. Carlon    on behalf of Creditor     Bayview Loan Servicing, LLC, a Delaware Limited
     Liability Company dcarlon@kmllawgroup.com,    bkgroup@kmllawgroup.com
    Kevin Gordon McDonald     on behalf of Creditor     Bayview Loan Servicing, LLC, a Delaware Limited
     Liability Company kmcdonald@kmllawgroup.com,    bkgroup@kmllawgroup.com
    Marc C Capone     on behalf of Joint Debtor Karen D Davis 5325@notices.nextchapterbk.com,
     docs@caponeandkeefe.com,ecf@gbclawgroup.com;e4eaf5f23@maildrop.clio.com;mcapone@gbclawgroup.com
    Marc C Capone     on behalf of Debtor Fred C Davis 5325@notices.nextchapterbk.com,
     docs@caponeandkeefe.com,ecf@gbclawgroup.com;e4eaf5f23@maildrop.clio.com;mcapone@gbclawgroup.com
    U.S. Trustee     USTPRegion03.NE.ECF@usdoj.gov
                             TOTAL: 7